State *v.* Soot.

---

THE STATE, Plaintiff in Error, *vs.* SOOT *et al.*, Defendants in Error.

1. An indictment of a white person for being present at an unlawful meeting of slaves, must state the facts which constitute the meeting unlawful.

*Error to Chariton Circuit Court.*

*Gardenhire,* (attorney general,) for the state.
*Davis,* for defendant in error.

GAMBLE, Judge, delivered the opinion of the court.

The defendants were indicted for being present in company of slaves at an unlawful meeting, and in the indictment it is charged that the meeting was at the house of Thomas Plemmons, in the night of a particular day, and that it continued for two hours. The meeting is, several times in the indictment, called " an unlawful meeting," but it is no where said what constituted it such. The indictment is under the 25th section of article one of the act concerning slaves, (R. C. 1017,) which provides for the punishment of white persons and

free negroes and mulattoes found in company of slaves at un-
lawful meetings.

The section of the act which prohibits meetings of slaves,
and to which the 25th section refers, is the 24th section, which
provides for punishing the owner or overseer of a plantation or
tenement, who shall permit or suffer more than five slaves,
other than his own, to be and remain upon his plantation or
tenement at any one time, without the consent of the owner or
overseer of such slaves, unless such slaves have met together
on Sunday, at public worship, or on any other day for the
purpose of laboring, or some other lawful purpose.

1. The indictment of a white person for being found at an
unlawful meeting of slaves, must describe the meeting in the
terms which are used by the law in prohibiting such meetings,
so that all the particulars which make it an unlawful meeting,
shall be charged in the indictment. The present indictment is
defective, in not alleging that the meeting was an unlawful
meeting, in the language of the twenty-fourth section. The
Circuit Court therefore properly quashed it, and the judgment
is, with the concurrence of the other judges, affirmed.